UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTINE AMBER ETHEREDGE
*a/k/a Amber Marie Diale*,

        Plaintiff,

  v.

        Case No. 23-cv-1023-pp

STATE OF WISCONSIN,
CATHOLIC CHARITIES SOCIAL SERVICES
and ATTORNEY GENERAL JOSH KAUL,

        Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On July 31, 2023, the plaintiff filed a complaint against the State of Wisconsin, Catholic Charities Social Services and Wisconsin Attorney General Josh Kaul. Dkt. No. 1. The plaintiff resides in Moyock, North Carolina; the defendants are in Madison, Wisconsin. Id. at 2. The complaint alleges that the plaintiff recently discovered that she was one of the thousands who were victims of "human trafficking and fraud adoption" through Catholic charities. Id. at 4. She seeks "injunctive relief as well as mandatory relief per the federal policies of human trafficking," wants "the agency" held liable and wants an investigation. Id. On August 7, 2023, the plaintiff filed a "supplement," which appears to be an attempt to add "3rd party minors CW, FW, BW, LE, LE, BE" (possibly as plaintiffs) and an additional defendant who allegedly resides in Virginia Beach, Virginia. Dkt. No. 5. The supplement does not qualify as an amendment because the plaintiff has not reproduced the entire pleading as

1

required by Civil Local Rule 15(a) (E.D. Wis.). For the same reasons, the plaintiff's request to add party, filed on August 15, 2023, is not a proper amendment. Dkt. No. 7. Regardless, the plaintiff has failed to state a claim for which a federal court may grant relief and the court will dismiss this case.

I.     **Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. No. 3)**

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether she can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff lists an average monthly income of $50 from employment, $75 from self-employment, $400 from public assistance and $935 from "other" (which she doesn't specify); it appears that she does not anticipate receiving the $400 and the $935 going forward. Dkt. No. 3 at 1-2. Under employment history she says that she earns $78 per month and that her dates of employment are 3/21–present. Id. at 2. The plaintiff claims to have $17 in a checking account and $2,000 in a savings account. Id. She says she owns a home valued at $310,000 and a 2019 Honda Pilot valued at $25,000. Id. at 3. She represents that Charles Etheredge owes her at least $458,000 and Scott Wheeler owes her $375,000. Id. In addition, the plaintiff states that she has six children, ages three to fifteen, who rely on her and/or her spouse for support. Id. Her average monthly expenses include $1,791 for rent, $1,500 for utilities, $500 for food, $200 for clothing, $89 for car insurance, $641 for a car payment and $1,000 for her credit card payment. Id. at 4. The plaintiff indicates that she expects "major changes to her monthly income or expenses" and writes "SSDI" but doesn't explain. Id. at 5. She claims that she has spent, or that she will spend, $7,000 in expenses or attorney's fees in this case (a case that she filed two

2

weeks ago and in which she is representing herself). Id. Finally, she lists Currituck, North Carolina as her legal residence, id., but the complaint says that she lives in Moyock, North Carolina (a short distance away), dkt. no. 1 at 1.

The court will deny without prejudice the motion to proceed without prepaying the filing fee. The plaintiff did not file the motion on the form used in this district and the answers that she provided raise additional questions. For example, the plaintiff appears to have significant assets and amounts owed to her by others. She says that she expects significant changes in her income or expenses but doesn't explain why (other than referencing SSDI). Ordinarily, the court would give the plaintiff an opportunity to file an amended motion using this district's form. As explained below, however, the plaintiff's filings do not state a claim for which a federal court may grant relief.

## II.     Screening the Complaint (Dkt. No. 1)

The court must review a complaint filed by a plaintiff who is representing herself to determine whether her claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff is not required to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

3

The plaintiff, who is thirty-five years old, alleges that she recently learned that her adoption was invalid and claims to have been one of thousands "trafficked" through charities. Dkt. No. 1 at 4. She alleges she was a "victim of human trafficking and fraud adoption upon birth when she was sent through an agency to a catholic charity in use of the interstate compact, the catholic services failed to provide accurate reflection of documents and failed to initiate all the proper procedures doemstically [sic] in regards the adoption of the plaintiff." Id. She claims that "she was one of 1000s whom had been trafficked with the used [sic] of 'charities' to engage in acts that were not only unlawful but changed legal binding documents that would affect the plaintiff [sic] quality of life and others." Id.

The plaintiff includes the following paragraph as the basis for the court's jurisdiction:

> 18USC§1001, 18USC§1018, 18USC§1028, 18USC§1031, 18USC§77, 18USC§1593, 18USC§1596,22USC§78. The inability to procure proper and legal adoptions without the use of the interstate compact to human traffic and sell humans from adoption agencies domestically and the illegal and willful knowledge and hinderances [sic] of these crimes affecting the individuals whom [sic] have been kidnapped and abused and the rights of there [sic] children to be violated in the determination of help through religion, for over 60 years.

Id. at 3.

The complaint does not state a claim for which this federal court may grant relief. When drafting a complaint, a plaintiff must explain the who, what, when, where and why of his or her claims. See Complaint For Non-Prisoner Filing Without a Lawyer (available at https://www.wied.uscourts.gov under Forms, Pro Se). The plaintiff never explains who illegally trafficked her—she says she was sent through "an agency" to "a catholic charity." She does not tell

4

the story of why she believes that her adoption involved illegal trafficking or how she believes it happened. In a cursory manner, she claims to have been the victim of "human trafficking and fraud adoption upon birth when she was sent through an agency to a catholic charity." Dkt. No. 1 at 4. She never explains what the State of Wisconsin or the Wisconsin Attorney General did (or didn't do) to participate in these alleged events. The fifty pages of documents attached to the plaintiff's complaint suggest that someone from the State of Wisconsin would not approve the adoption, which seems to undermine any trafficking claims.

The court located within those pages a letter from an attorney in Olathe, Kansas dated May 16, 1988, stating that the Wisconsin Interstate Compact Coordinator had refused consent for placement because Wisconsin did not have a court process to terminate parental rights. Dkt. No. 1-3 at 39. The letter also references an attorney who would talk with the Compact Coordinator and the Attorney General of the State of Wisconsin if things did not get resolved. Id. at 40. Another letter dated October 12 1988, indicates that Wisconsin refused to give its approval. Id. at 45. There is nothing in the complaint or the attachments to suggest that the State of Wisconsin perpetuated fraud or that the Wisconsin Attorney General played any role in the plaintiff's placement or adoption.

The plaintiff also sues Catholic Charities Social Services located in Madison, Wisconsin. Dkt. No. 1 at 2. It is not clear what the plaintiff believes the Madison office did to give rise to the trafficking or fraud claim. The fifty pages attached to the complaint include various documents relating to the plaintiff's adoption, such as a home study in Beloit, post-adoption supervision, court documents and photos of texts received on a cell phone purportedly from

5

someone named Scott Wheeler. The only reference to Catholic Social Services, Diocese of Madison, appears on the top of the second page of a letter that was written by a social worker who felt the placement was going well. Id. at 26.

If the plaintiff is seeking money damages, she cannot sue the State of Wisconsin and its Attorney General because any such claims are barred by the Eleventh Amendment. The Eleventh Amendment renders a state immune from any suit brought by an individual in federal court unless the state has consented to suit in that forum. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); MSA Realty Corp. v. Illinois, 990 F.2d 288, 291 (7th Cir. 1993) ("[A] state cannot be sued in federal court for monetary damages or equitable relief."). There is no indication that Wisconsin has consented to be sued in this case.

The plaintiff also relies on criminal statutes in support of her argument that this court has jurisdiction—criminal statutes that do not contain a private right of action. See Cent. Bank, N.A. v. First Interstate Bank, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). "Stated more succinctly, a private individual may not file criminal charges against another person." Joseph v. Clark, No. 1:20-cv-00986-SEB-DML, 2020 WL 2062339, *2 (S.D. Ind. Apr. 29, 2020). "Criminal proceedings are initiated by a properly authorized prosecutor who acts on behalf of the government and often in coordination with a law enforcement agency." Id. (citing Norman v. Campbell, 87 F. Appx. 582, 584 (7th Cir. 2003). The court has not located a private right of action that would apply to this case in any of the federal statutes cited by the plaintiff. Section 1031(h) of Title 18 creates a private cause of action for employees who have been retaliated against by their employers for cooperating with the government in

6

prosecuting a crime (so long as that employee was not a participant in the unlawful activity). But the plaintiff has not alleged an employment relationship between herself and any of the defendants. Section 1031 of Title 18 prohibits "major fraud against the United States," not against a private citizen. Section 1593 governs mandatory restitution to certain victims. Section 1596 allows federal prosecutors to investigate and prosecute foreign nationals who commit sex trafficking crimes against children outside of the United States. None of these statutes grants a private cause of action to a private citizen to bring a criminal prosecution for human trafficking.

Finally, if the plaintiff has a viable federal claim about an adoption that took place thirty-five years ago, it does not belong in this district. Under 28 U.S.C. §1391(b), a plaintiff may bring a civil lawsuit in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(1)–(2). The plaintiff lives somewhere in North Carolina and she alleges that the defendants reside Madison, which is in the *Western* District of Wisconsin. This court is the United States District Court for the *Eastern* District of Wisconsin.

Although courts generally give civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022). It makes no sense to allow an amendment when none of the allegations giving rise to the plaintiff's claims occurred in this district and neither the plaintiff nor the defendants reside in this district.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 16th day of August, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**